ELZIE R. ULREY, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellant.

Second District   76-242

Opinion filed October 4, 1977.—Rehearing denied December 9, 1977.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Guyer, Enichen & Mayfield, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from a circuit court decision made in judicial review of a decision by an administrative agency. Both an initial hearing before a committee of the Board of Examiners on Funeral Directing and Embalming and a rehearing before a Board appointed by the director of the Department of Registration and Education of the State of Illinois resulted in recommendations that the Department should revoke the embalmer's and funeral director's licenses of Elzie R. Ulrey. Acting on the rehearing Board's recommendation, the Department did revoke Ulrey's licenses. Sitting in judicial review, the circuit court of Winnebago County held that the decision of the Department was against the manifest weight of the evidence, and reversed the revocation. On appeal the Department contends (1) that plaintiff, Ulrey, received an adequate rehearing, and (2) that the decision to revoke the licenses was not against the manifest weight of the evidence.

Elzie R. Ulrey is licensed in Illinois as an embalmer and a funeral director. To conduct his business, he rented space from the 7000 Corporation and allegedly paid rent in proportion to the number of funerals he conducted. The 7000 Corporation is owned and operated by the same persons who own and operate two other corporations: namely, the Willwood Corp. and the Guarantee Plan Association, Inc. Willwood runs the Willwood cemetery, located next to the building which houses the offices of Ulrey and the 7000 Corporation. Guarantee Plan purports to sell pre-planned funerals, including the services of a licensed funeral director, to its members. Willwood and Guarantee Plan also have their offices in the same building as Ulrey and the 7000 Corporation.

Prospective members of Guarantee Plan were shown Ulrey's chapel, the "Chapel of the Chimes." Both Willwood and Guarantee Plan have represented that Ulrey is "their" funeral director and Ulrey was once introduced to one of Guarantee Plan's salesmen as "the funeral director." On only one occasion did Guarantee Plan use a funeral director other than Ulrey to perform services for one of its members. When it became apparent through earlier proceedings in this case that Ulrey's name was being used by the other corporations in their advertisements and solicitations, he then demanded that the references cease. This demand was complied with.

On behalf of the Illinois Funeral Directors Association, a complaint was filed before the Illinois Department of Registration and Education alleging that Ulrey was part of a scheme in which payments were made to a nonlicensee for the solicitation of prospective clients for funeral services to be performed by Ulrey. The complaint alleged that these acts were in

violation of section 1 of Article 1 of "An Act in relation to * * * funeral directing and embalming* * *" (Ill. Rev. Stat. 1971, ch. 111½, par. 73.10), which provides for license revocation for such solicitation, and that the acts were in violation of various sections of Rule IX (an antisolicitation rule) of the Department's Rules and Regulations for the administration of "An Act in relation to * * * funeral directing and embalming* * *."

The Illinois Funeral Directors Association was the complainant at the first hearing. The committee of the Board of Examiners which, conducted this hearing and which recommended revocation was comprised of members of the Funeral Directors Association. Ulrey petitioned for a rehearing because of the conflict inherent in having the committee composed of members of the complaining body. The director of the Department granted this request and appointed an attorney to be the rehearing board which was to conduct a rehearing of the matter to avoid the previous conflict.

At the rehearing, in which the Department was the complainant, the Department was allowed to introduce as evidence the transcripts and exhibits from the first hearing. Ulrey objected to this as hearsay and was overruled. Ulrey testified and denied participation in any scheme for solicitation. He also produced two character witnesses, but made no other attempt to discredit the testimony from the earlier hearing.

The rehearing board reported its findings of fact and conclusions of law, and recommended revocation of Ulrey's licenses. The board found, *inter alia,* that there was a mutually beneficial relationship between Ulrey and the three corporations, from which Ulrey received referrals through the active solicitation of Willwood and Guarantee Plan, and that the corporations profited by the presence of "their" funeral director, which caused increased sales, and by Ulrey's increased rental payments, made on a per funeral basis. The board concluded that Ulrey violated the statute and rule referred to above. The Department revoked Ulrey's licenses and he appealed to the circuit court of Winnebago County for judicial review. The circuit court found the decision of the Department to be against the manifest weight of the evidence and reversed the revocation.

■■■ We agree with the Department's first contention that Ulrey received an adequate rehearing. Ulrey argues that there is no hearing where only the transcripts of a prior proceeding are presented. He further contends that the use of such evidence was improper hearsay and, absent a showing of unavailability of witnesses, should have been excluded. We find no requirement that a rehearing, such as was granted here, must or even should be a hearing *de novo.* Further, regarding the hearsay assertion, we note that the basic reason for exclusion of hearsay testimony is the inability of the objector to test the reliability of the testimony by

cross-examination; here, Ulrey and his attorney were present at the initial hearing, were able to cross-examine the witnesses, and therefore had the opportunity to test the reliability of the evidence. Accordingly, we see no reason in this situation, at an administrative rehearing, to refuse the introduction of the evidence taken at a prior administrative hearing involving the same parties and issues. We note also that the findings and conclusions of the initial hearing were not allowed as evidence. Instead, the rehearing board considered the evidence anew and made its own findings and conclusions from all of the evidence. We hold, therefore, that an adequate rehearing was given.

■■ Turning to the Department's second contention, we observe that the findings of an administrative agency on questions of fact are *prima facie* correct and are not to be disturbed on review unless they are against the manifest weight of the evidence. (*Marion Power Shovel Co. v. Department of Revenue* (1969), 42 Ill. 2d 13, 244 N.E.2d 598.) For a judgment to be against the manifest weight of the evidence, it must appear that conclusions opposite to those reached by the trier of fact are clearly evident. (*Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243.) In the cause before us, the evidence supports the findings and conclusions of the rehearing board which we have indicated above. Although some evidence may support the opposite conclusion, we cannot say that the opposite conclusion is *clearly evident,* and we must therefore reverse the circuit court and affirm the decision of the Department.

The decision of the circuit court of Winnebago County is accordingly reversed, and the decision of the Illinois Department of Registration and Education is affirmed.

Reversed.

RECHENMACHER, P. J., and GUILD, J., concur.