JORAY MASON CONTRACTORS, INC., Plaintiff-Appellee, *v.* FOUR J's CONSTRUCTION CORPORATION, INC., *et al.*, Defendants-Appellants.— (FOUR J's CONSTRUCTION CORP. *et al.*, Counterplaintiffs-Appellants, *v.* JORAY MASON CONTRACTORS, INC., *et al.*, Counterdefendants-Appellees.)

Second District   No. 76-527

Opinion filed June 30, 1978.

Francis W. Faris, Jr., of Daniels, Hancock & Faris, of Elmhurst, for appellants.

Robert C. Liston and Robert W. Mauter, both of Wheaton, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Four J's Construction Corporation, was the general contractor for the construction of a condominium building, and plaintiff, Joray Mason Contractors, was the subcontractor under a $175,000 contract for the installation of the brick masonry for the building. Plaintiff brought a mechanics lien claim for work it was not paid for and defendant counterclaimed for damages for uncompleted work and for work improperly done. The trial court, sitting without a jury, found for Joray on both actions.

■■ ■ There is no question that plaintiff did not fully perform the contract; it voluntarily reduced its claim by $1000 for work which it admitted was not performed. The complaint alleges, however, that plaintiff substantially complied with the contract; it also incorporates a document which alleges that 99 percent of the building was completed. The question of whether substantial performance has been given depends on the facts of each case, one important factor being whether there has been receipt and enjoyment of the benefits. (*Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 356 N.E.2d 565.) The evidence at trial showed that over half the condominium units had been sold, including one which was sold to one of defendant's expert witnesses who nonetheless testified that plaintiff's work was substandard. After reviewing the record, we hold that the trial court had an adequate basis to conclude that plaintiff substantially performed the contract.

■■ Plaintiff also claimed and was awarded payment for a variety of extra work. Defendant contends that it was error to award money for any extra work done, because the terms of the contract clearly called for such extras to be reduced to writing, which they were not. Irrespective of these contract provisions, defendant, Joseph J. Johnson, Jr., an individual defendant and president of defendant Four J's, admitted at trial that some extra work was authorized without a writing. Defendants' briefs before this court also admit that $2,364 worth of extras were allowed without an agreement in writing. A term in a building contract that extra work is to be done only if provided for in writing may be waived by conduct. (*Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 226 N.E.2d 270.) We can think of no conduct which would more clearly express an intention that the requirement of a writing was to be waived than that which is shown here. We accordingly hold that defendant did waive the requirement that extra work be provided for in writing. Because we so hold, the matter of which extras and changes were actually

made must be viewed as a question for the trier of fact, and we will not disturb that determination since we do not believe it to be contrary to the manifest weight of the evidence.

■■ Defendant further contends that the judgment of the trial court was against the manifest weight of the evidence. The basis for this contention is defendant's assertion that its witnesses were better qualified and that the quality of the work done was clearly inadequate. It is the role of the trier of fact to observe the conduct of the witnesses, determine their credibility, and weigh the evidence in making a determination; the position of the trier of fact is superior to a court of review for this purpose, and we therefore may not overturn a judgment merely because we might disagree with it or might have drawn different conclusions. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) Further, for a judgment to be against the manifest weight of the evidence, it must appear that conclusions opposite to those reached by the trier of fact are clearly evident. (*Wood v. Illinois Liquor Control Com.* (1977), 55 Ill. App. 3d 228, 371 N.E.2d 138.) The trial of this case as a whole produced evidence which was sharply conflicting, and many of defendant's witnesses had excellent qualifications for the testimony they gave. Nevertheless, we cannot say that the conclusion opposite to that reached by the trial court is so clearly evident as to require a reversal.

■■ Defendant finally urges that the trial court was prejudiced against it, citing several instances in which the court allegedly displayed prejudice and impatience and sought to intimidate the defendants' witnesses. A review of these passages, taken in context, leads us to conclude otherwise. Most of the comments appear to be attempts by the court to clarify or to help move the trial along. Bearing in mind that during a nonjury trial the comments of a trial judge are allowed greater latitude than would be acceptable were a jury present (*Madison v. Reuben* (1970), 128 Ill. App. 2d 11, 262 N.E.2d 794), we cannot say that the court displayed such bias or improper conduct as would deprive defendant of a fair and impartial trial.

Plaintiff has conceded during the course of this appeal that it miscalculated the amount of damages which it claimed, and has requested that the amount of the judgment be reduced by $1,421. Pursuant to Supreme Court Rule 366(a)(5)(Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)), we accordingly order that a remittitur in that amount be entered in this cause.

The judgment of the circuit court is accordingly affirmed as so modified.

Affirmed as modified.

GUILD and BOYLE, JJ., concur.