16443.   BUSH *v.* GLOBE & RUTGERS FIRE INSURANCE
COMPANY.

Where the insured suffered a loss from fire, and, under the terms of the
insurance policy, furnished to the company sworn proof of his loss, and,
acting thereon, the company issued to the insured a draft for the full
amount of loss shown by the proofs and claimed by the insured, and
where the insured signed a full release for all claims or demands for
loss under the policy, and indorsed and collected the draft and retained
the proceeds thereof, this constituted a good accord and satisfaction,
and, as such, is binding upon the insured.

DECIDED OCTOBER 6, 1925.

Complaint; from Miller superior court—Judge Yeomans.   March
7, 1925.

*Pottle & Hofmayer,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

BLOODWORTH, J.   In September, 1920, the Globe & Rutgers
Fire Insurance Company issued to W. J. Bush a fire-insurance
policy for $10,500, which covered cotton in bales owned or held by
the insured in trust or on commission or on joint account with
others, or sold but not delivered, while contained in the "J. S.
Bush warehouse in Colquitt, Ga."   Later the assured, desiring to
borrow some money and pledge a part of the cotton stored, was
required by the bank to take out another policy, which he did in
the Ætna Insurance Company.   This policy covered eleven bales
of cotton, which was specifically identified by numbers.   A fire
occurred and 133 bales of cotton belonging to the insured, includ-
ing the eleven bales named in the policy of the Ætna Insurance
Company, were burned.   As required by the terms of the Globe
& Rutgers policy, the assured rendered to that company a sworn
proof of loss, in which it was stated that the actual cash value of
the property described in the policy, at the time of the fire, was
$7,548.37, that the actual loss and damage by fire was $7,548.37,
and that "insured claims under this policy $7,548.37, payment of
which insured agrees to and will accept in full satisfaction and
demand no more."   After the proofs of loss were submitted, the
Globe & Rutgers Fire Insurance Company issued its draft on the
Chemical National Bank of New York, payable to the order of
W. J. Bush, Bainbridge State Bank, and Cowart & Dancer (the
warehousemen), for $7,548.37, the full amount of damages stated
in the proof of loss.   The draft recites that this payment, "evi-

denced by proper indorsement hereof, constitutes full satisfaction of all claims and demands for loss and damage by fire" to the property insured, and further recites that "said policy is hereby cancelled and surrendered." On the back of the draft is the following: "In consideration of the sum hereby paid, all claims and demands whatsoever against the Globe & Rutgers Fire Insurance Company connected with the within mentioned claim for loss or damage are released, compromised, settled, and forever discharged." This was signed by W. J. Bush, Cowart & Dancer, and Bainbridge State Bank. The draft was then presented and paid. Thus the matter stood when the plaintiff brought suit on the policy issued by the Globe & Rutgers Fire Insurance Company to recover for a part of the loss of the eleven bales specifically insured by the Ætna Insurance Company. The defendant denied any liability on the policy and pleaded accord and satisfaction, setting up what is stated above as to the proofs of loss, the issuance of the draft in full settlement of the loss claimed, and a complete release by the assured of all claims under said policy by reason of said fire. These pleas were supported by proof, and the plaintiff was not entitled to recover. That the full amount claimed by the insured in his proof of loss was paid and that the money was retained stands uncontradicted. It is not denied that the insured signed the proof of loss and the release, and indorsed the draft. It does not appear that at the time he signed these papers, or any one of them, there existed between the insured and the representative of the insurance company any "fiduciary or confidential relations," or that he was induced to sign these papers by some "misleading device or artifice amounting to actual fraud." *Twyman* v. *Avera Loan & Investment Co.*, 23 *Ga. App.* 136 (98 S. E. 239). See Civil Code (1910), § 4329; *Bass Dry Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520, and cases cited on page 521 (61 S. E. 1134); *Elrod* v. *Kiser Co.*, 13 *Ga. App.* 471 (79 S. E. 375); *Ryan* v. *Progressive Retailer Pub. Co.*, 16 *Ga. App.* 83 (84 S. E. 834); *Redmond* v. *Atlanta & Birmingham Air-Line Ry.*, 129 *Ga.* 133 (58 S. E. 875). The facts in the cases cited by the plaintiff in error easily differentiate them from the case under consideration.

Whether or not the plaintiff could have recovered from the defendant any part of the loss occasioned by the destruction of the eleven bales of cotton had he included this claim in his original

28

proof of loss and made no settlement of his loss with the Globe & Rutgers Fire Insurance Company, we are not now called upon to decide.

The court properly directed a verdict for the defendant.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*