**West Lands Construction Co., Ltd., Plaintiff-Appellee, v. Leo D. Calhan and Joan E. Calhan, Defendants-Appellants.**

**Gen. No. 69–149.**

Second District.

June 4, 1970.

Lewis, Overbeck & Furman, of Chicago, for appellants.

Paul T. Kalinich, of Glen Ellyn, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, West Lands Construction Co., Ltd., a home builder, entered into a building and real estate sales contract with the defendants, Leo D. Calhan and Joan E. Calhan, on November 20, 1964. Under the terms of the contract, the plaintiff was to complete a home it was then

building, and convey the premises to the defendants, for the sum of $39,500. The construction was to be completed on or about January 31, 1965.

The payments for the construction were to be made pursuant to the terms of an escrow agreement, dated December 1, 1964, wherein the Chicago Title and Trust Company was escrowee. Disbursement was not to be made to the plaintiff until the home was completed and the defendants, the purchasers, had given notice of satisfactory completion.

A number of changes were made in the specifications and the house was not completed sufficiently for occupancy by the defendants until June of 1965. The escrow was not closed, and on August 9, 1965, the escrow agreement was supplemented by an agreement which provided that the escrowee was to disburse all of the remaining sums, except for the sum of $3,240, which it was directed to hold for 30 days or "until all of the original conditions of the escrow have been met, except as amended" by the August 9, 1965 supplement. This supplement provided that the plaintiff was to deposit a current general contractor's affidavit covering the additional work done within the past 30 days, together with appropriate waivers. The defendants, and the mortgage company, were to give the escrowee notice of the completion of the work, and the escrowee was then to distribute the $3,240 to four named subcontractors.

The supplement also provided that the plaintiff was to complete the installation of the chimney flashing on the house and the shingles on the barn on or before August 14, 1965, and such work, if completed, should be approved by the defendants before August 16, 1965; and that in event such work was not so completed and the escrowee was so notified, the defendants were to have it done and the amounts paid out for this purpose were then to be withheld from the $3,240.

455

.The plaintiff apparently provided the contractor's affidavit and lien waivers for the work done after the date of the August 9 supplement. The chimney flashing and shingle work were completed. The defendants, however, did not give the notice of satisfactory completion because certain of the other work called for in the original contract had not been completed, which was admitted by the plaintiff.

The plaintiff sued the defendants for the $3,240, alleging an account stated. The defendants asserted that payment of the balance due to the plaintiff was contingent upon all of the conditions of the original contract being completed; that it was admitted these conditions— the completion of the work as provided in the original contract—were not complied with; and that under these facts there was not an account stated. The trial court found for the plaintiff and the defendants appealed.

As we view the contracts, we must concur with the defendants that the plaintiff did not have a cause of action for an account stated. While we believe that the contractual relationship created by a construction contract may give rise to an account stated (e. g., McMahon v. Nielsen, 49 Ill App2d 70, (1964) ; Brown v. Gill, 343 Ill App 460, 99 NE2d 393 (1951)), the facts in this case do not warrant such a conclusion.

An account stated presupposes an absolute acknowledgment or admission of a certain sum due; if the assent to the amount due is qualified there is not an account stated. 1 Am Jur2d, Accounts and Accounting, § 28. Plaintiff interprets the August 9 supplemental agreement as stating that if it furnished the contractor's affidavit for all work done thereafter by it, and if it did the chimney flashing and shingle work by August 14, then it was entitled to the $3,240, to be paid in the manner directed. In other words, the plaintiff argues that it was agreed that this amount was to be retained and then

paid to it contingent only upon the performance of the above-specified items; and there being no dispute that these items were completed, there is, then, an account stated for this sum. Even if this were so, there apparently is a division of authority as to whether a contingent claim can be the basis for an account stated. 1 Am Jur2d, Accounts and Accounting, § 26; 1 CJS, Account Stated, § 15b; 6 ALR2d 122, § 7. However, in deciding this case, we need not determine this point of law.

■ The August 9 supplement to the escrow agreement provides that the $3,240 retained is to be held for 30 days "or until all of the original conditions of the escrow have been met." It is apparent from a reading of the entire supplement that the sums were to be held beyond the 30-day period or until such time as all of the original conditions of the escrow were met—if they had not been met within the 30-day period. The supplement does not state what is to happen in event the work is not completed within 30 days, or in event the conditions of the escrow, as amended, are not fulfilled. The original escrow provided for a return of the deposits in such event. Thus, the escrow agreement, as supplemented, is not without ambiguity. In a proper case, the law will imply a contractual obligation as a necessary implication of the provisions of an agreement. 17 Am Jur2d, Contracts, § 255.

■■ Elsewhere, the August 9 supplement stated that the retained sum was not to be paid out until the escrowee received notice from the purchasers that the construction had been completed. Thus, viewed in its entirety, the contract manifests an intention that the construction was to be completed before the funds were to be paid out. Gay v. S. N. Nielsen Co., 18 Ill App2d 368, 374, 152 NE2d 468 (1958). Further, the August 9 agreement specifically refers to the original escrow and purports to be an amendment or supplement to it. Both

457

documents must be considered if there is any doubt in the interpretation of either. MacAndrews & Forbes Co. v. Mechanical Mfg. Co., 367 Ill 288, 300, 11 NE2d 382 (1937) ; 12 ILP, Contracts, § 228. When so considered, both contracts indicate that the construction was to be completed, and notice thereof given by the purchasers, before the final payout was to be made.

■ The specific amendment to the original agreement, referred to in the supplemental contract, was that if the flashing and shingle work were not completed within a relatively short period of time, the defendants were authorized to have the work done by others, and to have any resulting expense to them deducted from the $3,240. As stated in the supplement, except for this amendment, the original escrow was still applicable, and the final payout was not to be made until the plaintiff had fully performed under its construction contract.

■ The plaintiff admitted at the trial of this cause that it did not fully perform under its contract. The supplemental escrow agreement did not relieve it of this obligation as provided for in its construction contract. There was not an absolute acknowledgment in the August supplement that the defendants still owed the plaintiff $3,240. The obligation to pay was conditioned upon the plaintiff's performance of its construction contract. Under the circumstances, it was error to hold that the supplemental agreement constituted an account stated.

Under our view of the case—that the supplemental agreement did not constitute an account stated—we do not reach other alleged errors urged by the defendants. The judgment of the trial court is therefore reversed.

Judgment reversed.

ABRAHAMSON and MORAN, JJ., concur.