### 52223. McWATERS v. STATE FARM FIRE & CASUALTY COMPANY et al.

WEBB, Judge.

McWaters owned a house in Chamblee that was severely damaged by fire. The house was insured by State Farm under a homeowner's policy naming Frederick W. Berens, Inc. as mortgagee. State Farm's agent Dugan inspected the fire damage and instructed McWaters to obtain an estimate to repair the damage. After one estimate of $18,900 was submitted Dugan suggested that McWaters contact Davis Systems, or Paul W. Davis, Inc. of Atlanta, its franchisee, stating that this contractor had done some rebuilding work for State Farm in the past, that the company did a good job and that he recommended them. McWaters contacted Davis and contracted with that company to make the repairs for $16,444.96. McWaters signed a work authorization stating as follows: "We agree that Paul W. Davis Systems, Inc. is an independent contractor and has no connection with our insurance company or its adjuster. . . We authorize payment of any applicable insurance policy proceeds directly to Paul W. Davis Systems, Inc. and agree that said payment shall constitute performance of the obligation of the insurance company under its policy." State Farm wrote a draft payable to McWaters, Paul W. Davis, Inc. of Atlanta and Frederick W. Berens, Inc. for that amount, which McWaters endorsed and gave to Berens. Davis began the repair work but after about a month, having drawn approximately $12,000, the

contractor abandoned the job. McWaters was unsuccessful in getting State Farm or the contractor to finish the job and, being self-employed in the drywall business, subsequently completed the work himself.

McWaters then brought suit against State Farm, Paul W. Davis, Inc. of Atlanta, Paul W. Davis Systems, Inc. and Frederick W. Berens, Inc., alleging that he agreed to the repairs due to false representations; that State Farm negligently refused to act in the best interest of its policyholder; that State Farm breached the terms of the insurance policy; and that the other defendants were acting as State Farm's agents. The prayers were for damages and, by amendment, that the insurance policy and any release or satisfaction relied on by State Farm be rescinded, canceled, voided and set aside.

Summary judgment was granted to State Farm and the appeal was filed in this court. It appearing that the complaint sought equitable relief, the appeal[1] was transferred to the Supreme Court (236 Ga. 237 (223 SE2d 151)), which returned it to this court without explanation. *Held:*

There was an accord and satisfaction between State Farm and McWaters in that State Farm accepted a proof of loss from McWaters in which he set forth the amount of his claim under the insurance policy; State Farm fully paid by draft bearing McWaters' name all of the claim as specified in the proof of loss statement executed by McWaters; he endorsed and negotiated the draft; State Farm paid the draft through its banking channels; and McWaters never tendered any funds back to State Farm. By deposition McWaters stated unequivocally that State Farm paid him "Everything we agreed upon."

"Where the insured suffered a loss from fire, and, under the terms of the insurance policy, furnished to the company sworn proof of his loss, and, acting thereon, the company issued to the insured a draft for the full amount of loss shown by the proofs and claimed by the insured,

---

[1] *McWaters v. State Farm Fire &c. Co.,* No. 51609, transferred December 9, 1975.

and where the insured signed a full release for all claims or demands for loss under the policy, and indorsed and collected the draft and retained the proceeds thereof, this constituted a good accord and satisfaction and, as such, is binding upon the insured." *Bush v. Globe &c. Fire Ins. Co.,* 34 Ga. App. 432 (129 SE 909).

The court properly granted summary judgment to State Farm.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED MAY 24, 1976 — DECIDED JUNE 11, 1976 — REHEARING DENIED JUNE 29, 1976 — 

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman,* for appellant.

*Greer & Klosik, Richard G. Greer, Skinner, Wilson, Beals & Strickland, Earl B. Benson, Jr., John V. Skinner, Jr., Roger W. Moister, Jr., Hansell, Post, Brandon & Dorsey, W. Lymon Dillon,* for appellees.