## 54338. McWATERS v. FREDERICK W. BERENS, INC. et al.

WEBB, Judge.

This is the second appearance of this action for damages arising from a fire in the home of the plaintiff McWaters. The material facts of record are as follows.

In 1970 McWaters borrowed $15,700 from Berens to purchase a home, Berens thereby becoming his mortgagee. The fire occurred in 1973, at which time the property was insured by State Farm Fire & Casualty Company. At State Farm's suggestion McWaters hired Paul W. Davis, Inc. of Atlanta, a contractor, to make repairs for $16,444.96 and filed a sworn proof of loss with State Farm. State Farm issued a draft in this amount payable to McWaters, Davis and Berens, which McWaters endorsed and gave to Berens. Davis began the repair work and McWaters contends that Berens paid out the sum of $13,332 to the contractor when only approximately one-third of the work was completed, and that Davis then abandoned the job.

McWaters finished the job himself and sued State Farm, Davis and Berens, seeking actual and punitive damages, attorney fees and damages for mental pain and suffering. We affirmed a grant of summary judgment in State Farm's favor, holding that there was an accord and satisfaction between McWaters and State Farm. *McWaters v. State Farm Fire &c. Co.,* 139 Ga. App. 178 (228 SE2d 151) (1976). The allegations of liability against Berens were that "Berens negligently failed to inspect the progress of work to be performed by [Davis] and negligently permitted and authorized [Davis] to withdraw monies being held by defendant Berens and defendant Berens negligently failed to require any affidavits from the sub-contractors before releasing monies to [Davis]." The trial court granted Berens' motion for summary judgment and we affirm.

While conceding that there was no contract between them "as such," McWaters contends that Berens owed a duty of care to him to see that the funds were disbursed to Davis only upon completion of the work; and that since Berens was a fiduciary as holder of the insurance proceeds he therefore owed a higher duty of care to see to the proper disbursement of the money. He also asserts error as to the grant of summary judgment, insisting that there are fact questions as to whether Berens negligently paid out the money. We do not agree.

The contract between McWaters and Davis provides that the contractor should be paid in "25% increments,"

which Berens did, but it contains no provisions concerning inspections before payments are made nor any conditions on the withdrawal of payments or requirements to furnish affidavits from any sub-contractors. McWaters also admitted on cross examination that there was never any oral agreement for Berens to do any of the things he accused it of negligently having failed to do. Moreover, McWaters testified that he went by to inspect the work being done "at least every other afternoon," and although he told Davis that he was not happy with the work being done, he never told Berens that he was not happy and he never instructed or requested anyone with Berens not to make payment to the contractor.

McWaters argues that Berens was acting as "a fiduciary, a trustee or an escrow agent." It is clear, however, that Berens did not hold these funds in trust. "The requisites of a valid trust are: a declaration of the trust, property to which the trust pertains, a trustee, beneficiaries, terms of purpose, and a remainder interest. *Springer v. Cox,* 221 Ga. 673, 675 (1) (146 SE2d 753) (1966)." *Lummus Supply Co. v. Fidelity Fed. Savings &c. Assn.,* 141 Ga. App. 831, 833 (234 SE2d 671) (1977). It is equally apparent that Berens was not an escrow agent since at least two of the requirements for a valid and binding escrow are not present: "an actual contract between the parties at interest. . . and an absolute deposit of an instrument with a depositary acting for the parties, by which it passes beyond the control of the depositor to withdraw the deposit on the performance or happening of the agreed conditions of the escrow." *Fulton Land Co. v. Armor Insulating Co.,* 192 Ga. 526, 527 (1) (15 SE2d 848) (1941). Furthermore, no liability attaches from an escrow agent's failure to do anything not required by the express terms of the escrow or the intention and agreement of the parties. *Williams v. Northside Realty Associates,* 116 Ga. App. 253 (157 SE2d 166) (1967).

We find no merit in the theory that an implied trust was created in McWaters upon receipt by Berens of the insurance proceeds, thereby giving rise to an action for the negligent misuse, misapplication and waste of the corpus. However, we do agree that since McWaters

completed the repairs he is entitled to the approximately $4,000 now held by Berens, and direct it be paid to him or applied to the mortgage debt owed Berens. Since Berens owed no duties to McWaters which it negligently performed the trial court correctly ruled that there was no genuine issue as to any material fact with respect to the claims of negligence against Berens.

*Judgment affirmed with direction. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 19, 1977 — REHEARING DENIED OCTOBER 4, 1977 —

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, F. Clay Bush,* for appellant.

*Hansell, Post, Brandon & Dorsey, Lowell H. Hughen, W. Lyman Dillon, Roger W. Moister, Jr., Skinner, Wilson, Beals & Strickland, John V. Skinner, Jr., Earl B. Benson, Jr.,* for appellees.