THE JOHN ALLEN COMPANY, Plaintiff-Appellant, *v.* LOUIS NEUENDORF, Defendant-Appellee.

Second District    No. 77-250

Opinion filed June 7, 1978.

Allan L. Blair, of Chicago, and Edward F. Diedrich, of De Kalb, for appellant.

Louis E. Neuendorf, of Sandwich, for appellee, *pro se.*

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an action to recover $1250 which was alleged to be wrongfully disbursed from an escrow. Plaintiff, John Allen Co., obtained a tax deed to certain land in Sandwich, Illinois. Defendant, Louis Neuendorf, as attorney for Glenn McCarthy, the previous title holder, filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) to vacate the order directing the issuance of the tax deed. On January 29, 1970, plaintiff offered to pay McCarthy $1250 in settlement of the section 72 petition, with the understanding that McCarthy should vacate the premises within 14 days. Against defendant's urgings, McCarthy accepted the offer and defendant was given a check for $1250 to be held and distributed by him pursuant to the following agreement which was read into the record at the section 72 hearing:

> "MR. BLAIR: Yes, we are going to pay Mr. Neuendorf the sum of $1250 immediately to be held by them in their special account as escrow with the express understanding that the petitioner in this case Glenn McCarthy will vacate the property within 14 days. If he should vacate the property in 14 days, they may distribute the $1250 to Mr. McCarthy. Further, it is stipulated the instant proceeding be dismissed with prejudice instanter.
>
> THE COURT: Is that the understanding?
>
> MR. NEUENDORF: Yes, that is the understanding."

McCarthy failed to vacate the premises within the 14 days, but in a letter sent to defendant the plaintiff unilaterally extended the deadline by 10 days to February 22, 1970. Plaintiff found a prospective buyer for the land, who secured a mortgage on or about March 20, 1970. The sale to this purchaser closed in early April of 1970, McCarthy having vacated the premises several weeks prior thereto. Defendant had given the settlement check to McCarthy on being informed that he had moved out.

Plaintiff asserts that defendant improperly paid the settlement money, alleging that when McCarthy did not vacate the premises on time, defendant had a duty to return the funds to plaintiff on plaintiff's demand. The trial court found the settlement agreement to be ambiguous and it found that the intent of the parties was to settle the pending case so that plaintiff could provide clear title in the sale. It was also found that plaintiff received the benefits of the deposit; that even if time had been of the essence in the original agreement it was waived by plaintiff's own extension of time; that there was no intent that the money be returned to plaintiff; that plaintiff made no adequate proof of damages by failure of McCarthy to vacate on time; that there was a fiduciary relationship between defendant and the other two parties; and that there had been no breach of that fiduciary relationship. Judgment was given for defendant and plaintiff appeals.

■■ Initially, we note that the agreement does not provide for the disposition of the $1250 in the event McCarthy did not vacate the property on time. It is our view that under the circumstances of this case, this omission was sufficient basis for the trial court to find the agreement ambiguous. Plaintiff's cited case of *Toro Petroleum Co. v. Newell* (1974), 33 Ill. App. 3d 223, 338 N.E.2d 491, is therefore inapplicable, as that case involved a disbursement of escrow funds in violation of express instructions.

■■ Further, the agreement does not include a provision which would make time of the essence. Even if it had been intended that time be of the essence, we agree with the trial court's observation that such a term was waived by the subsequent letter and acts which extended the time limit. Once a provision that time is of the essence is waived, it cannot be unilaterally reimposed.

Having properly found the agreement to be ambiguous, it was the duty of the trial court to construe that agreement. The judgment of a trial court will not be set aside on appeal unless it is against the manifest weight of the evidence. (*Bellow v. Bellow* (1976), 40 Ill. App. 3d 442, 352 N.E.2d 427.) For the judgment to be against the manifest weight of the evidence, it must appear that conclusions opposite to those reached by the trier of fact are clearly evident. (*Wood v. Illinois Liquor Control Com.* (1977), 55 Ill. App. 3d 228, 371 N.E.2d 138.) From the record it does not appear to us that conclusions opposite to those reached by the trial court are clearly evident.

■■ It appears that plaintiff received and has accepted the fruits of his bargain, namely, possession and settlement of the section 72 proceeding. We note particularly that the theory advanced by plaintiff would work a forfeiture on defendant. We would be loath to allow such a result here, the law having been for centuries that equity abhors a forfeiture. Further, in view of the finding of the trial court regarding the intent of the parties, we hold that plaintiff has already received all the benefits which were a part of the agreement, and that to allow him to now force a forfeiture on defendant would constitute unjust enrichment. This we will not permit.

The decision of the circuit court of De Kalb County is therefore affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.