## 59177. DRAKE v. LEADER NATIONAL INSURANCE COMPANY.

McMurray, Presiding Judge.

*On or about March 31, 1977,* L. C. Drake executed a loan receipt and automobile proof of loss forms in which he stated that he had received $1,087.41 in full satisfaction and discharge of all loss under a certain policy with his insurer, Leader National Insurance Company. Leader National Insurance Company issued a draft payable to Drake in the amount of $1,087.41 as a result of the claim. Upon receipt of the draft, Drake purchased an automobile from City Dodge and endorsed the said draft to them in payment of the purchase price of the automobile, taking possession of the same. A stop payment was then issued upon the draft which the insurer contends resulted from a mistake "or a mixup" between its home office and a local one, same being done to prevent the draft from being negotiated.

*Sometime in April, 1977,* City Dodge called Drake and demanded return of the recently purchased automobile. Drake contends that this resulted from the stop payment order on the insurer's draft. Further, he contends that he called the insurer requesting and demanding that the insurer promptly make the draft

good, which was refused.

Whereupon, *on April 29, 1977,* L. C. Drake brought an action against Leader National Insurance Company alleging that the defendant's act in stopping payment upon the draft was illegally and maliciously done with intent to cheat and defraud the plaintiff, and said acts of defendant were wilful, intentional, and malicious. He sought actual damages in the amount of $1,807.41 and punitive damages in the amount of $20,000 to deter and prohibit defendant from such actions in the future, as well as reasonable attorney fees.

*On June 1, 1977,* the defendant answered denying the claim, admitting, however, that it had issued the draft to the plaintiff on an insurance claim and that while certain acts occurred by reason of a mixup or mistake, the plaintiff has been fully paid and compensated and suffered no damages. It alleged further in its affirmative defenses that there had been payment by the defendant to the plaintiff, an accord and satisfaction had been effected which was a release given by the plaintiff to the defendant; and the plaintiff is estopped from proceeding with this action further, and has waived any right of recovery in this action, and the complaint fails to state a claim against the defendant.

Many of the above facts were disclosed through discovery and it was further disclosed that the defendant *on June 23, 1977,* issued another draft in the same amount "to the order of City Dodge for the account of L. C. Drake." The title to the automobile purchased with the draft was held up for some 3 or 4 months during which time plaintiff could not sell the automobile when he had the opportunity to do so, but he was finally able to obtain the title.

Defendant moved for summary judgment contending that following the dishonoring of the initial draft of $1,087.41 payable to the plaintiff, pursuant to the stop payment order by the defendant, a subsequent draft in that amount had been issued to City Dodge on behalf of and for the account of L. C. Drake in full payment and accord and satisfaction, which draft was accepted, negotiated, and honored. Whereupon, the trial court granted the motion for summary judgment finding there

was an accord and satisfaction between the parties when the proceeds of the draft were exchanged for the automobile, citing *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223 (199 SE2d 338). *McWaters v. State Farm Fire &c. Co.,* 139 Ga. App. 178 (228 SE2d 151). Plaintiff appeals. *Held:*

1. The cases of *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223, supra, and *McWaters v. State Farm Fire &c. Co.,* 139 Ga. App. 178, supra, cited by the trial court in granting the motion for summary judgment are not controlling as to the facts of the case sub judice since they are entirely different. Here, following the execution of the loan receipt and automobile proof of loss forms together with the acceptance of $1,087.41 in full satisfaction and discharge of all loss under a certain insurance policy, the plaintiff was completely satisfied, inasmuch as he purchased another automobile, endorsing the draft given to him in payment of the purchase price of the automobile. He is not seeking to set aside the accord and satisfaction but is suing for the alleged damages to him resulting from the stop payment upon the draft. There was evidence before the court that he has been caused considerable trouble by the alleged acts in stopping payment upon the draft which he had sought to negotiate in the purchase of an automobile. True, he does allege these acts to be wilful, intentional, and malicious and seeks actual and punitive damages resulting from the illegal stopping payment on the draft. When he sought to obtain redress from the insurer, that is, to promptly have the draft made good, he contends that the defendant refused to do so. Only *on June 23, 1977,* after he had filed suit *on April 29, 1977,* and defendant answered *on June 1, 1977,* denying the claim, did the defendant issue another draft in the same amount, having admitted that it had stopped payment on the draft to prevent it from being negotiated.

On motions for summary judgment the evidence must be construed most favorably toward the party opposing the grant of the motion; and most unfavorably toward the party applying for summary judgment. Indeed, all inferences and conclusions which arise from the evidence must be construed most favorably toward the party opposing the motion. See *Holland v. Sanfax Corp.,*

106 Ga. App. 1, 4-5 (1) (126 SE2d 442); *Tipton v. Harden,* 128 Ga. App. 517, 519 (4) (197 SE2d 746); *Gray v. American Bank,* 122 Ga. App. 442 (177 SE2d 207).

2. The evidence submitted on summary judgment was insufficient to demand a judgment for the defendant. The evidence submitted on summary judgment by the plaintiff was clearly that he has been injured to some degree by the stop payment of the draft, particularly so due to the passage of time and the inability to negotiate a sale of the automobile for which he had no title, plus the difficulties he faced by reason of the stop payment order. The subsequent issuance of another draft directly to the automobile agency to replace the draft upon which the defendant admits stopping payment due to a "mixup," thereby preventing the draft from being negotiated, does not in anywise show a clear case of no damage to the plaintiff.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 6, 1980.

*E. Graydon Shuford,* for appellant.
*Arnold Wright, Jr.,* for appellee.