ESTATE OF GORDON M. REINHOLD, Deceased, Plaintiff-Appellant, *v.* HARRISON MANSFIELD *et al.*, Defendants-Appellees.

Fifth District   No. 80-166

Opinion filed November 13, 1980.

John A. Clark, of Brazitis, Croegaert, Clark & McLaughlin, of Olney, for appellant.

Arnold & Weber, of Olney, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

The plaintiff, estate of Gordon M. Reinhold, deceased, brought a petition for citation in Richland County. The petition sought the return of the estate's assets held by the defendants, Harrison Mansfield, Clyde Cazalet and Barbara Cazalet. The First Trust and Savings Bank of Taylorville (First Trust or Bank) was also joined as a defendant because of its status as escrowee. The trial court denied the plaintiff's petition and found in favor of all the defendants.

Gordon Reinhold, prior to his death on April 8, 1977, sold to Mansfield and the Cazalets working interests in oil and gas wells. Subsequently, a dispute arose between Reinhold and the defendants as to allocation of drilling and operation costs. The parties reached an agreement whereby Reinhold executed repurchase agreements, one to Mansfield and the other to the Cazalets. Each agreement was secured by a promissory note for $11,000, executed by Reinhold on November 1, 1976, and due in 120 days.

The repurchase agreements provided that the defendants would assign their respective interests back to Reinhold, who would repurchase the interests from each of the defendants for $11,000. When the terms of the agreement were fulfilled each party was to be released from all claims arising out of the purchase or operation of the assignment of interests. The trial court found that this agreement was a settlement of a disputed claim between the parties.

The transaction between Reinhold and the defendants was to be carried out by means of an escrow. Escrow instructions were prepared and initialed by Reinhold and Mansfield, but the escrow instructions governing the transaction between Reinhold and the Cazalets were not initialed by either party. The record indicates that both sets of escrow instructions were prepared by Reinhold.

The substance of both sets of escrow instructions was the same. First Trust was to hold the assignment of interests until Reinhold had paid $11,000 to both Mansfield and the Cazalets. Once the $11,000 was paid, the assignment of interests was to be transferred by the escrowee to Reinhold. If $11,000 was not paid by Reinhold to the respective defendants within 120 days, the assignment of interests was to be returned to the defendants. The escrow instructions omit any requirement that the money be deposited with First Trust, or that if paid to First Trust when payments would be made to the defendants. The instructions limit First Trust's liability to the safekeeping of the documents entrusted to it.

No payment was made by Reinhold within 120 days of the agreement. Neither defendant demanded a return of the assignment of

interests held by First Trust. Between March 7, 1977, and April 4, 1977, Reinhold paid $9,000 to First Trust on each purchase agreement, a total of $18,000. Reinhold died on April 8, 1977, without fulfilling his obligation under either purchase agreement.

Subsequently, a demand by the defendants was made on First Trust to release the money paid by Reinhold. On April 19, 1977, First Trust paid $9,000 to Mansfield and $9,000 to the Cazalets. First Trust retained the assignment of interests, indicating that it would transfer them to Reinhold's estate when the remaining $2,000 owing under each purchase agreement was paid.

Plaintiff contends that the trial court's judgment was against the manifest weight of the evidence. Specifically, plaintiff maintains that the trial court should have found that the escrow agent had no authority to release the $9,000 given to it to Mansfield and the Cazalets. Furthermore, it is contended that the defendants should each be required to return $9,000, $18,000 total, to Reinhold's estate.

In support of its position, plaintiff first alleges that the escrowee, First Trust, had no authority under the escrow instructions to distribute the funds given to it by Reinhold. Second, plaintiff maintains that the escrowee was an agent for Reinhold and that the agency terminated upon Reinhold's death while Reinhold was in default and that under these circumstances the escrowee bank was only authorized to return the money paid to Reinhold's estate and return the assignments to the respective defendants.

■■ An escrowee must follow the directions of the parties who establish the escrow. (*Chicago Title & Trust Co. v. Walsh* (1975), 34 Ill. App. 3d 458, 340 N.E.2d 106.) In this case, however, the escrow instructions did not specify that funds were to be paid to the escrowee. As a consequence, payment by Reinhold to the escrowee rather than to the defendants was not provided for in the escrow instructions.

Plaintiff asserts that a notation found with the bank's records of the escrow is dispositive as to any ambiguity in the escrow instructions. The notation provided,

"Instructions Mar. 4, 1977
$3,000.00 to be paid today
$4,000.00 on each Friday thereafter
Put into cashier's checks so that checks may clear.
Make CC [cashier's checks] payable to this bank and hold till the notes are paid off."

■■ It is not clear whether this notation was given to First Trust by the parties as a direction for administering the escrow, or whether it was provided by an employee of First Trust and was simply an internal

record. We believe that the plaintiff, in seeking to prove that the bank had violated the terms of the escrow, had the burden to prove that the notation was a part of the escrow instructions. (*Chicago Title & Trust Co. v. Cleary* (1943), 319 Ill. App. 83, 48 N.E.2d 576, *cert. denied* (1949), 336 U.S. 904, 93 L. Ed. 1069, 69 S. Ct. 490.) No proof appears in the record that the notation was considered a binding instruction. On its face, the notation was entered over four months after the escrow was established. The plaintiff refers to the notation as an internal record. From these facts it is reasonable to infer that the notation was not an instruction given by the parties which the bank was bound to follow. The notation was merely an internal record used by the bank in its administration of the escrow. As an internal record, the notation did not bind any of the parties to the escrow, nor did it restrict First Trust's power to distribute the money paid by Reinhold.

The cases relied on by the plaintiff are consistent with the preceding analysis. In *Chicago Title & Trust Co. v. Walsh* (1975), 34 Ill. App. 3d 458, 340 N.E.2d 106, the court found that the escrowee had ignored an "important and distinctive condition in the escrow" (34 Ill. App. 3d 458, 463, 340 N.E.2d 106, 110) when it allowed an amendment to the escrow agreement by an unauthorized party which opened the door to subsequent mishandling of the escrow funds. In *Ortman v. Kane* (1945), 389 Ill. 613, 60 N.E.2d 93, it was held that payment of a contract obligation to the escrowee did not qualify as a tender of payment where the escrow contained no authority to accept the funds and the contract specified that payment was to be made to the contracting party rather than the escrowee.

The escrow administered by the bank did not contain an express provision prohibiting distribution of the $18,000. Thus, there was not a violation of an express condition, distinguishing this case from *Chicago Title & Trust Co. v. Walsh.* This case is factually similar to *Ortman v. Kane* because First Trust had no authority under the terms of the escrow to accept funds. However, in this case, we are not faced with the question of the propriety of the tender made by Reinhold. The defendants readily accepted the funds tendered to the bank as a partial payment of Reinhold's obligation. Instead, we must determine if the bank was authorized to distribute the money under circumstances not contemplated when the escrow was established.

Where an escrow is ambiguous because of a material omission, it is the duty of the trial court to construe the escrow. (*John Allen Co. v. Neuendorf* (1978), 60 Ill. App. 3d 559, 377 N.E.2d 365.) The trial court did construe the escrow in light of the other evidence and found that the purpose of the transaction was in the nature of a settlement; in addition to

receiving the assignment of interests, Reinhold was also to be released from claims associated with the transaction and as a result, return of the assets to the estate would be contrary to the purpose of the settlement.

■■ We do not believe that the construction given to the escrow arrangement by the trial court was against the manifest weight of the evidence. (*Bellow v. Bellow* (1976), 40 Ill. App. 3d 442, 352 N.E.2d 427.) The escrow agreement does not stand alone and must be read in conjunction with the underlying contract to resolve disputes as to the proper operation of the escrow. (*West Lands Construction Co. v. Calhan* (1970), 124 Ill. App. 2d 453, 259 N.E.2d 408.) Construing the purchase agreements, promissory notes and escrow instructions together, we do not think it was improper for First Trust to release the funds to the defendants. It appears that the primary purpose of the escrow was to guarantee the safekeeping and eventual delivery of the reassignment of the oil and gas interests when Reinhold paid off the promissory notes. The only obligation of the defendants was to deposit the assignment of interests with the bank. Having complied with that condition, the defendants were entitled to the benefits of Reinhold's performance of the purchase agreement. See *Hakala v. Illinois Dodge City Corp.* (1978), 64 Ill. App. 3d 114, 121, 380 N.E.2d 1177, 1182.

The fact that Reinhold did not fully perform his part of the purchase agreement cannot be used as a justification to demand a return of the $18,000 to the estate. We agree with the reasoning in *Northland Associates v. F. W. Woolworth Co.* (N. D. Ill. 1973), 362 F. Supp. 75, 77, that "* * * it is inconceivable that one party to a contract could raise his own default to defeat the contract." Plaintiff seeks to raise the failure of Reinhold to pay his obligations as a justification for a return of the assets. Such reasoning is based on a strained reading of the escrow instructions and ignores the underlying settlement of disputed claims which gave rise to the purchase agreements and the escrow. The fortuitous demise of Reinhold prior to fulfilling his obligation under the purchase agreement cannot be used to defeat the rights of the defendants.

The plaintiff's second argument is that the death of Reinhold coupled with Reinhold's default terminated the authority of the escrow agent, First Trust, to distribute the money paid by Reinhold. It is generally agreed that an escrowee acts as a special agent or trustee for both parties to the escrow. (*Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 228-29, 338 N.E.2d 491, 495.) However, plaintiff's reliance on the rule that an agent's authority terminates on the death or incapacity of the principal is misplaced. First Trust was a special agent for both parties. Ordinarily the escrowee's powers are limited to the conditions of the escrow. But where the escrow is ambiguous, it must be construed to

resolve the ambiguity. (*John Allen Co. v. Neuendorf* (1978), 60 Ill. App. 3d 559, 377 N.E.2d 365.) An ambiguity existed as to when the funds were supposed to be distributed to the defendants. The trial court found that the bank properly distributed Reinhold's payments after Reinhold had died. That finding is not against the manifest weight of the evidence because the bank, while a special agent, was not only the agent of Reinhold, it was also the agent of the defendants. (*In re Estate of Field* (1968), 99 Ill. App. 2d 235, 240 N.E.2d 765, 768.) Thus, the defendants were in constructive receipt of Reinhold's payments when Reinhold delivered the $18,000 to First Trust.

The plaintiff emphasizes that the defendants should not be allowed to circumvent the normal procedures of probate. We believe that the release of the funds by the bank does not circumvent the procedures of probate. The decedent delivered the funds to First Trust prior to his death in partial satisfaction of a prior obligation. The defendants were entitled to those funds, and the plaintiff concedes that if the funds had been paid directly to the defendants there would be no way the estate could recover the funds. We do not believe that the use of an escrow in the instant transaction should change the disposition of the disputed funds. The probate procedure is not circumvented where the decedent's creditors are allowed to retain payments the decedent made prior to his death. The defendants will have to resort to probate to obtain satisfaction of the remaining obligations on the purchase agreements not paid prior to the decedent's death.

The judgment of the Circuit Court of Richland County is affirmed.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.