69979. CHARTER MORTGAGE COMPANY v. GRAY et al.
(330 SE2d 440)

BANKE, Chief Judge.

The appellant mortgage company held a note and security deed on a house owned by the appellees, Mr. and Mrs. Gray. The house was severely damaged by a fire, and the proceeds of a fire insurance policy covering the structure were eventually sent to the mortgage company by the insurance company. Mr. Gray subsequently entered into a contract with a contractor to repair the house. However, the contractor failed to complete the repairs and has been sued by Mr. Gray in a separate action.

During the period in which the contractor was working on the house, the mortgage company made periodic payments to him from the insurance funds, based upon requests or proposals submitted by the contractor. The Grays allege in this action that the company breached a fiduciary duty owed to them by failing to perform inspections prior to disbursing the funds. The mortgage company counterclaimed to collect the total amount of the mortgage indebtedness, based on the Grays' failure to make the payments in a timely fashion. The trial court granted the mortgage company's motion for summary judgment as to the counterclaim but denied its motion for summary judgment as to the main claim. This appeal follows our grant of the company's application for an interlocutory appeal of the latter ruling.

*Held*:

The facts of this case are virtually identical to those found in *McWaters v. Frederick W. Berens, Inc.*, 143 Ga. App. 392 (238 SE2d 717) (1977). Here, as in that case, the contract between the homeowners and the contractor merely required that payments to the contractor be made at specific intervals. Mr. Gray acknowledged in his deposition that he gave no other instructions to the mortgage company and that he never requested appellant to inspect the work before making payments.

In *McWaters*, supra, this court held that a mortgage company does not, under such circumstances, hold the insurance proceeds in a fiduciary capacity or as a trustee or escrow agent, absent an agreement specifically creating such an arrangement. As in *McWaters*, the lender here had no duty, implied or otherwise, to perform inspections or otherwise oversee the work of the contractor. It follows that the trial court erred in its denial of summary judgment for the appellant.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 8, 1985.

*Lowell H. Hughen, W. Lyman Dillon*, for appellant.
*Lenwood A. Jackson*, for appellees.