(No. 19599.—

J. IVA HILYARD, Defendant in Error, *vs.* BENJAMIN KRISO-LOFSKY *et al.* Plaintiffs in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 5, 1930.*

EPSTEIN, FEIWELL, ARVEY & SACHS, (LOUIS M. MAN-TYNBAND, and NORMAN ASHER, of counsel,) for plaintiffs in error.

HARRY A. BIOSSAT, and NELS H. OLSON, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, J. Iva Hilyard, entered into a written contract with plaintiffs in error, Benjamin Krisolofsky and Anna Krisolofsky, his wife, for the purchase of certain real estate in Chicago for $26,000. Five hundred dollars was paid to bind the contract, and it was agreed that the contract and money should be held by B. B. Redfield, a real estate broker, for the mutual benefit of the parties concerned until the deal was closed. It was claimed by defendant in error that a survey of the property showed that the building on the premises encroached upon the adjacent street .and sidewalk. The defect was not cured and defendant in error rescinded the contract. She brought suit in the municipal court of Chicago against plaintiffs in error and Redfield for $500. There was a trial by the court. After all the evidence was heard defendant in error dismissed the suit as to Redfield. Judgment was entered against plaintiffs in error for $500. They appealed to the Appellate Court for the First District, where the judgment was affirmed, and the case comes to this court upon a writ of *certiorari*.

The Appellate Court held that while Redfield was not a party to the contract, nevertheless the defendant in error had a right of action against him, not upon the theory that there was a contractual relation between him and defendant in error but upon the principle that Redfield had money in his possession which, *ex æquo et bono,* he had no right to retain and which belonged to defendant in error; that the mere fact that defendant in error had a right of action against Redfield was of no importance in determining the question as to whether defendant in error could recover against plaintiffs in error in this case, and it was held that there could be a recovery against them.

It is insisted by plaintiffs in error that where money is deposited with a third person by two contracting parties, to be held by the third party until the performance of certain conditions by both parties and then turned over to the parties entitled thereto, the third party is deemed to be the agent of both parties and becomes liable for the delivery of the fund to the persons entitled thereto in accordance with the terms of the contract; that an escrowee is deemed to be a trustee for both parties to a contract, and he, alone, is liable for breach of the trust, and the vendor, in whom title to the money is not vested, is not liable for the return thereof.

It is conceded that defendant in error could have sued Redfield, and, assuming his liability, the question, therefore, is whether the cause of action against him was exclusive or whether defendant in error also had a cause of action against plaintiffs in error. If defendant in error also had a cause of action against plaintiffs in error then the judgment should be affirmed. No authorities are cited in support of this contention and it is claimed that no cases can be found where this question has been determined. In *Gronewold* v. *Gronewold,* 304 Ill. 11, it was said: "The law is, that it is essential to an escrow that the instrument must be delivered to a stranger or third person, and the phrase 'stranger or third person,' as used in the definitions of escrow, means a stranger to the instrument, as not being a party to it, or a person so free from any personal or legal identity with the parties to the instrument as to leave him free to discharge his duty as a depositary to both parties without involving a breach of duty to either." (Citing 10 R. C. L. 629.) In 10 R. C. L., 633, it is said: "In a broad sense every depositary of an escrow is the agent of both parties. For the purpose of making delivery upon the performance of the conditions he is no less the agent of the grantee than the agent of the grantor." In 18 Corpus Juris, 566, it is said: "Contracts of deposit, like con-

tracts generally, are to be construed in the light of the circumstances, including the relationship of the parties. The contract should be construed as a whole, and the intention of the parties governs." On page 573 it is said: "The depositor may maintain a suit against the depositary where for any cause there has been a wrongful non-delivery." On page 576 it is said: "Where there are conflicting claims by the depositor and the beneficiary, in an action by one of these against the depositary for the deposit the other is a proper and necessary party, but a defect of parties may be waived."

The contract provided: "Said purchaser has paid $500 as earnest money, to be applied on such purchase when consummated. * * * In case material defects can be found in said title, and so reported, then if said defects be not cured within sixty days after such notice thereof, this contract shall, at the purchaser's option, become absolutely null and void and said earnest money shall be returned. * * * This contract and the said earnest money shall be held by B. B. Redfield for the mutual benefit of the parties concerned, and after the consummation of the sale he shall be at liberty to retain the canceled contract permanently."

Redfield was not a party to the contract, but he received the money as provided in the contract and was bound by its terms. He was a stakeholder, escrowee or depositary having the custody of funds belonging to defendant in error, title to which was to be divested only upon plaintiffs in error performing the terms of the contract. He held the money for the mutual benefit of both parties and was the agent of both parties. Plaintiffs in error never received the money, never became vested with title to it and were unable to control it. Upon the failure of plaintiffs in error to perform, defendant in error had a right to the return of the money from the stakeholder. The contract was not consummated. This is conceded by

both parties. The affidavit of merits of Redfield alleged that it was agreed that if the sale was consummated the $500 should be applied upon Redfield's commission; that the sellers were at all times ready, willing and able to carry out the terms of the contract; that the rescission of the contract by defendant in error was improper, and that Redfield was entitled to the $500. The affidavit of merits of plaintiffs in error denied that the $500 was deposited with them. They admitted that the survey was made and the building was found to encroach on the street and sidewalk, that the $500 was given by defendant in error to Redfield for the mutual benefit of the buyer and seller, and that Redfield never turned over to plaintiffs in error the money. They denied their indebtedness to defendant in error. If there had been any controversy between plaintiffs in error and defendant in error as to the cancellation of the contract the suit would have to be brought against plaintiffs in error and Redfield, but there was no such controversy. The only question raised as to the right of defendant in error was raised by Redfield, who claimed that he was entitled to the money. Plaintiffs in error admitted that defendant in error was entitled to a return of the money. Under the terms of the contract and under the evidence, there being no contest between defendant in error and plaintiffs in error, the court was in error in rendering judgment against plaintiffs in error.

The judgment will be reversed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed.*