James Shelton, Appellee, v. Jacob Sulek and Sophie Sulek, Appellants.

Gen. No. 46,525.

First District, Third Division.
February 23, 1955.
Released for publication April 6, 1955.

■■■■■■■■■■■■■■■■■■■■■■

Edward Paluch, of Chicago, for appellants.

T. J. Cusack, and William Gillespie, both of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an appeal from plaintiff's judgment for $1,132.50, confirming a confession judgment upon a promissory note which plaintiff, real estate broker, held as escrowee pending consummation of a sale of real estate.

March 3, 1953, plaintiff confessed judgment upon the note for $1,000 made by defendants payable to plaintiff's order. April 1st garnishment proceedings were begun. April 21st, on defendants' petition, the judgment was opened for a hearing upon the merits. The judgment appealed from was entered April 28th.

February 15, 1953, defendants went to plaintiff's office in response to an ad for sale of residential property. Defendants inspected the property but objected to the price asked and made a written offer of purchase for $17,000. At the same time they signed the note for $1,000 as earnest money under a provision of their offer. Defendants' offer was accepted the same night by the owners and the result was a written agreement. The following day defendants served on plaintiff and the owner a written notice of withdrawal of "an offer" and asked a return of the note given as "earnest money."

A decisive question is whether plaintiff had a suable interest in the note.

The contract provided that defendants had paid $1,000 earnest money to be "applied on said purchase when consummated"; that the earnest money would be held by plaintiff in escrow for the mutual benefit of the parties; and that unless defendants should be entitled to a refund the earnest money to be applied "first to the payment of any expenses incurred for the seller by said broker, and second to the payment of said commission, the balance if any to be paid to the seller." The contract also provided the seller should pay the commission. The note was the usual judgment note payable to plaintiff and made no reference to the contract.

Defendants rely principally on Van Doren Realty Corp. v. Svehla, 323 Ill. App. 438, to sustain its contention that plaintiff had no suable interest. This court in that case distinguished plaintiff's cases on the ground that they involved agents in possession of money belonging to principals, the agents parting with the money under circumstances rendering them liable to the principals. This court did pass over a contention that the broker had a third party beneficial interest by saying that his interest in the contract was "merely incidental." The court decided that even though the Van Doren Realty Corp. was deprived of a commission it would have been entitled to had the sale been consummated, any right of action that may have accrued under the "contract" because of the wrongful stopping of payment of the escrow check belonged to the seller. The court held Van Doren had no suable interest in the "subject matter."

Plaintiff argues that the Van Doren suit was upon the contract; agrees that the decision was right on the facts; and states that were plaintiff here suing on the contract the Van Doren case would apply, but says the suit here is upon the note payable to escrowee and he had the right to reduce the note to cash and pay out the proceeds according to the contract provision.

Though plaintiff here makes different contentions and relies on different cases than plaintiff in the Van Doren case, we see no substantial distinction between the cases. There a negotiable instrument of a different species was involved. The suit was not for damages for breach of contract but to recover the earnest money. The suit here, as there, is "predicated" upon the contract, because the contract, introduced in evidence, is what gives the note meaning, and plaintiff's claim is therefore rooted in the contract.

We think plaintiff has no suable interest in the note. The evidence shows that the note was given as earnest money to be redeemed in cash the following day. That plaintiff is named as payee is "incidental." The judgment before us is not the confession judgment on the bare note but a judgment based upon the contract provision according to which the trial court found plaintiff was entitled to the amount of the judgment which had previously been confessed.

The note was negotiable and its endorsement by plaintiff as escrowee to the seller was a simple procedure. There was no requirement that plaintiff as escrowee reduce the note to cash so as to comply with the terms of the contract and he had no right to do so.

In Harris v. Johnson, 75 Wash. 291, the plaintiff was not escrowee and had rights in the property subject of the note transaction. In West & Wheeler v. Longtin, 118 Wash. 575, the earnest money check was to be "forfeited to West and Wheeler to the extent of their agreed commission and the remainder, if any, to the owner." West and Wheeler, however, were not escrowees but agents of the seller and sold the property receiving the check as earnest money. These cases are obviously different. Neither Mead v. Altgeld, 136 Ill. 298, nor Hilyard v. Krisolofsky, 337 Ill. 584, is helpful.

189

We need consider no other point. For the reasons given the judgment is reversed.

Judgment reversed.

LEWE and FEINBERG, JJ., concur.