PETERS & FULK REALTORS, INC., Plaintiff-Appellant, v. ARVIND SHAH, Defendant-Appellee.

First District (2nd Division)   No. 84—2653

Opinion filed January 14, 1986.

John D. Kightlinger, of Meinhardt & Kightlinger, Ltd., of Arlington Heights, for appellant.

Sidney E. Morrison and Jeffrey T. Saltz, both of Morrison & Kamins, P.C., of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Peters & Fulk Realtors, Inc., is a real estate broker. Defendant, Arvind Shah, is alleged to be the purchaser of certain real estate in Cook County. The seller, who is not a party to this litigation, notified defendant that he was in default under the terms of their sale contract. The defendant-purchaser responded that the contract was

null and void on its face and demanded that his earnest money promissory note be returned.

Defendant executed a promissory note payable to the plaintiff-broker in the sum of $150,000. The due date on the face of the note was "2 days after acceptance of contract on Euclid Center." The alleged contract, dated September 23, 1980, between the seller and the defendant, as purchaser, provided in part as follows:

"4. PURCHASE PRICE: The purchase price is $1,680,000.00.

5. INITIAL EARNEST MONEY: Purchaser has paid the initial earnest money *** in the sum of $150,000.00 to Century 21 Peters and Fulk Realtor as escrowee. If any portion of the initial earnest money has been deposited in the form of a promissory note, said note must be redeemed by the Purchaser within 2 days after the acceptance of the contract. Failure of the Purchaser to redeem the note shall constitute a default. [The] Earnest money and this agreement shall be held by Century 21-Peters and Fulk Realtor, as Escrowee, for the benefit of the parties hereto.

If a dispute arises between the Seller and the Purchaser as to whether a default has occurred, Realtor shall hold the earnest money and pay it out, less commission, if any as agreed in writing by Seller and Purchaser and in the event that agreement cannot be reached by Seller and Purchaser within thirty (30) days after written notice to the Realtor that such a dispute has arisen the parties agree that the Realtor may deposit the funds with the Clerk of the Circuit Court."

The pertinent provisions of the rider attached to and made part of the September 23, 1980, contract state as follows:

"6. PAYMENT OF PURCHASE PRICE:

The purchase price shall be paid as follows:

a. $300,000.00 at the time of execution of a final contract to purchase and delivery of possession of the premises, leaving an unpaid balance of $1,380,000.00.

7-a In the event that the purchaser elects to do so, he may exchange his 85 acres farm property in Joliet, Illinois area on December 31, 1982 for a credit against the purchase price in the amount hereafter agreed to between the parties before executing the final contract."

The sale was not completed. On October 10, 1980, the seller notified defendant that he was in default for his failure to redeem the note within two days after acceptance. The seller declared "the agree-

ment to be null and void" and further stated: "Under these circumstances we are placing the property on the market for sale." Defendant responded that "[a]s previously advised, the purported contract dated September 23, 1980 was obviously void on its face. Accordingly, we repeat our earlier demand that the earnest money note dated September 18, 1980 be returned immediately."

On December 23, 1980, plaintiff confessed judgment on the note with the contract and riders attached. Thereafter, the judgment was opened and defendant filed an answer and affirmative defenses. Defendant then filed a motion for summary judgment to which plaintiff responded. After a hearing, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice. The trial court stated: "I have not affirmatively found anybody's rights as to whether or not there was a valid underlying contract." The court decided that "there was no material issue of fact" and that based on *Shelton v. Sulek* (1955), 5 Ill. App. 2d 186, 125 N.E.2d 313, plaintiff had no standing to bring this action. Plaintiff appeals.

Plaintiff argues that the trial court erred by granting summary judgment to defendant on the basis of *Shelton*. In *Shelton*, defendant-purchaser made a written offer to purchase real estate. Pursuant to terms of that offer, he executed a promissory note for an earnest money deposit payable to the real estate broker, who was to act as escrowee. The offer was accepted, but the following day defendant served a written notice of withdrawal and requested return of the earnest money deposit. Thereafter, plaintiff-real estate broker obtained a judgment by confession on the note. Defendant opened the judgment. After a hearing on the merits, the trial court entered judgment for the plaintiff.

The appellate court reversed holding that notwithstanding the fact that the note was the "usual judgment note payable to plaintiff and made no reference to the contract" (5 Ill. App. 2d 186, 188, 125 N.E.2d 313), the action to recover the earnest money was " 'predicated' upon the contract, because the contract, introduced into evidence, is what gives the note meaning, and plaintiff's claim is therefore rooted in the contract" (5 Ill. App. 2d 186, 189, 125 N.E.2d 313). In construing the note and contract together, the court found that under the contract, the earnest money was to be held by plaintiff in escrow for the mutual benefit of the parties to the contract. The court reasoned that it was "incidental" that plaintiff was named payee on the note and that plaintiff had no "suable interest" in the note because "[t]here was no requirement that plaintiff as escrowee reduce

the note to cash so as to comply with the terms of the contract and he had no right to do so." 5 Ill. App. 2d 186, 189, 125 N.E.2d 313.

Plaintiff attempts to distinguish *Shelton* by arguing that in *Shelton* there was a trial on the merits whereas this case was decided by summary judgment.

■■ Summary judgment is appropriate where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (*Elliott v. Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 462 N.E.2d 640, *appeal denied* (1984), 101 Ill. 2d 564.) In the context of written agreements, summary judgment is an appropriate procedure where there is no dispute as to the language and formation of the agreement. (*Bates v. Select Lake City Theater Operating Co.* (1979), 78 Ill. App. 3d 153, 154, 397 N.E.2d 75, *appeal denied* (1980), 79 Ill. 2d 625.) In such a case, only the construction of the agreement is contested, and therefore summary judgment is appropriate. 78 Ill. App. 3d 153, 154, 397 N.E.2d 75.

In the present case, neither party disputes the language nor formation of the documents at issue. Rather, plaintiff claims the promissory note should be construed independently of the agreement or, in the alternative, a full hearing on the merits must be held in order to determine whether it was the parties' intention that the two documents be construed together. We disagree and find *Shelton* dispositive of this appeal.

■ The general rule is that "in the absence of evidence of a contrary intention, where two or more instruments are executed by the same contracting parties in the course of the same transaction, the instruments will be considered together and construed with reference to one another because they are, in the eyes of the law, one contract." (*Tepfer v. Deerfield Savings & Loan Association* (1983), 118 Ill. App. 3d 77, 80, 454 N.E.2d 676, *appeal denied* (1984), 96 Ill. 2d 572.) This long-recognized principle of contract law is applied by statute to negotiable instruments. Section 3—119(1) of the Uniform Commercial Code (UCC) states:

> "As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction ***." Ill. Rev. Stat. 1979, ch. 26, par. 3—119(1).

■ Thus, a negotiable instrument such as a promissory note may be affected by a separate writing. The writing, although physically

separate from the note, is logically viewed as an integral part of the total transaction, and is legally treated as a part of the contract between the parties. Consequently, where a separate document is executed as part of a promissory note transaction, " 'a stipulation or condition inserted in the one is an effective part of the contract of the parties, although not found in the other, provided there is no necessary inconsistency.' " *Tepfer v. Deerfield Savings & Loan Association* (1983), 118 Ill. App. 3d 77, 81, 454 N.E.2d 676, *appeal denied* (1984), 96 Ill. 2d 572, quoting 10 C.J.S. *Bills & Notes* sec. 45 (1938).

█ In the present case, neither party disputes that the promissory note and real estate agreement were executed contemporaneously. The promissory note and the initial offer to purchase both bear the date of September 18, 1980, although the final contract was dated September 23, 1980. The promissory note recites that plaintiff is the payee in the sum of $150,000, and that the due date is "2 days from acceptance of contract on Euclid Center." The agreement contains essentially identical terms but includes the stipulation that plaintiff merely holds the promissory note as escrowee. The two instruments were properly construed together by the trial court. Although plaintiff was named as payee on the promissory note, the underlying agreement executed contemporaneously establishes that plaintiff was the escrowee of an earnest money deposit.

As an escrowee, plaintiff was acting as a special agent or trustee for both parties to the escrow, and its powers were limited to the conditions of the escrow deposit. (*Estate of Reinhold v. Mansfield* (1980), 90 Ill. App. 3d 224, 226, 412 N.E.2d 1146.) Plaintiff's rights and duties, as set forth in the agreement, do not contain any provision giving it the right to seek enforcement of the note. As stated by the court in *Shelton v. Sulek* (1955), 5 Ill. App. 2d 186, 189, 125 N.E.2d 313, "[t]here was no requirement that plaintiff as escrowee reduce the note to cash so as to comply with the terms of the contract and he had no right to do so."

Plaintiff also claims that, because *Shelton* was decided prior to the adoption of section 3—301 of the Illinois Commercial Code, it is not controlling on the issue of an escrowee's standing to sue upon a promissory note executed pursuant to a contract for sale of real estate. Section 3—301 reads:

> "The holder of an instrument whether or not he is the owner may transfer or negotiate it and, except as otherwise provided in Section 3—603 on payment or satisfaction, discharge it or enforce payment in his own name." Ill. Rev. Stat. 1979, ch. 26, par. 3—301.

Plaintiff argues that under this section, as a holder of a promissory·note, it has standing to enforce payment of the note. (*Locks v. North Towne National Bank* (1983), 115 Ill. App. 3d 729, 731, 451 N.E.2d 19.) Plaintiff claims that this section supercedes the "narrow legalistic reasoning" of *Shelton* that a real estate broker acting as escrowee could not sue on the earnest money promissory note because the money owed did not belong to the broker.

However, contrary to plaintiff's assertions, the rule announced in *Shelton v. Sulek* (1955), 5 Ill. App. 2d 186, 125 N.E.2d 313, is neither as narrow as plaintiff contends nor has the UCC superceded this rule. As noted above, an escrowee acts as a special agent of both parties to the transaction, and its powers are limited to the conditions of the escrow agreement. The basis of the *Shelton* decision rested on the fact that although the broker-escrowee was named as payee on the promissory note, which was the usual judgment note making no reference to the underlying real estate contract, the evidence showed that naming the broker-escrowee as payee was "incidental" to the underlying contract. The underlying contract, in turn, showed that as escrowee, the broker had specific rights and duties, none of which involved the right to reduce the note to cash. This is in conformity to the UCC, which, as noted above, recognizes that "the terms of an instrument may be modified or affected by any other written agreement executed as part of the same transaction ***." Ill. Rev. Stat. 1979, ch. 26, par. 3—119(1).

Finally, we consider the motions filed by each party to strike portions of the opposing party's brief.

■ In the challenged portion of its brief, plaintiff argues that it was not against public policy for the parties to agree that plaintiff could seek to enforce the note. However, a review of the record indicates that plaintiff neither raised this issue at the trial level nor did the trial court base its decision on this rationale. It is well settled that the theory upon which a case is tried cannot be changed on review, and an issue not presented or considered by the trial court cannot be raised for the first time on appeal. (*Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 25, 473 N.E.2d 588.) Therefore, defendant's motion to strike that portion of plaintiff's brief is allowed.

■ Plaintiff's motion to strike portions of defendant's brief, on the basis that the issues raised therein were neither raised by plaintiff nor decided by the trial court, is misplaced. An appellee may defend a judgment by any argument and upon any basis appearing in the record, whether or not it was advanced at trial, and a reviewing court may affirm a correct decision for any reason appearing in the record,

regardless of the basis relied upon by the trial court. (*Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 462, 464 N.E.2d 761.) Therefore, plaintiff's motion is denied.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and HARTMAN, JJ., concur.