MAC SHOOPMAN, d/b/a Price Realty, Plaintiff-Appellant, v. TROY ALLEN, Defendant-Appellee.

Fourth District No. 4—85—0772

Opinion filed June 30, 1986.

Donald R. Tracy and Steven C. Rahn, both of Tracy & Tracy, of Mount Sterling, for appellant.

R. Mark Maritote, of Kanoski & Maritote, P.C., of Rushville, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff filed suit in the circuit court of Brown County seeking recovery on a judgment note executed by defendant and payable to the order of plaintiff. Following a trial at bench on the merits, the trial court found in favor of defendant and this appeal ensued.

Since our decision rests on grounds other than the merits of the controversy, no detailed explanation of the facts is necessary. A broad outline of those facts follows.

Defendant's daughter, after a dissolution of her marriage, was seeking to purchase a home for which defendant was to furnish the financing. The daughter, Janet Schenk, consulted with a salesperson, Susan Heaton, who was connected with plaintiff's real estate agency.

A house owned by Larry Franklin and located in Mount Sterling was shown to Schenk by Heaton. The house appealed to Schenk and a form of offer-to-purchase was filled in showing Franklin as the seller and defendant as the purchaser at a price of $55,000. This form, together with the note under litigation, was mailed to defendant at Abingdon, his place of residence. The note was in the amount of $5,500 and according to the purchase offer represented an earnest-money payment.

Defendant altered the purchase price to $50,000 on the document, signed it, and mailed it back to Heaton. He did not alter the face amount of the note which was also returned. After sundry conversations between and among Schenk, Heaton, Franklin, and defendant, Franklin signed the purchase offer and Heaton returned it to defendant. It is clear from the record that there was never any direct communication between Franklin and defendant. Franklin operated through Heaton and defendant through his daughter Schenk.

The trial court found, based upon the prolix evidence presented, that the defendant had revoked his offer prior to its acceptance by Franklin. It then entered judgment in favor of defendant and ordered the note returned to him.

On the day of trial defendant filed a motion to withdraw his answer and to file a motion to dismiss. The gist of the motion was that plaintiff, as an escrow agent, had no power to sue on the note and that Franklin was a necessary party. Franklin had never been joined in the suit as either plaintiff or defendant. Plaintiff objected and resisted the motion. The court then denied the motion and proceeded to trial.

In this court, after the notice of appeal had been filed and briefing had been completed, plaintiff filed a motion to amend his pleadings and to add Franklin as a necessary party plaintiff. Attached to the motion was Franklin's affidavit stating that if the motion were allowed, he would ratify and adopt all of plaintiff's proceedings taken to date. Defendant objected to the motion.

■ This court denied the motion. It is noteworthy that both parties switched positions from those taken in the trial court. Below defendant sought to add Franklin and plaintiff objected. Just the reverse occurred here. The language of the supreme court in *Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 543, 475 N.E.2d 817, 818, is pertinent:

> "It is fundamental to our adversarial process that a party waives his right to complain of an error where to do so is inconsistent with the position taken by the party in an earlier

court proceeding."

Plaintiff's motion in this court is inconsistent with the position he took in the court below, and defendant's argument in his brief that Franklin was a necessary party and that the note was without consideration is inconsistent with his objection to plaintiff's motion in this court. Nonetheless, we are of the opinion that the nonjoinder is the dispositive issue and that the trial court was in error in denying defendant's motion to dismiss. However, the error was harmless since the trial court arrived at the proper conclusion.

■ The language found in *Board of Education v. Schmidt* (1978), 64 Ill. App. 3d 513, 517, 381 N.E.2d 400, 403, is apropos:

> "We are aware of the fact that we are arriving at the same decision as the trial court but the decision of this court is predicated on a different reason. That a reviewing court can affirm the judgment of a trial court for reasons other than those relied upon by the trial court is well established. See 2 Ill. L. & Prac. *Appeal & Error* sec. 633, at 566 (1953); *McDermott v. Burke* (1912), 256 Ill. 401, 100 N.E. 168; *Kelley v. Village of Willowbrook* (1962), 38 Ill. App. 2d 112, 186 N.E.2d 369; *Meyer v. Povilat* (1959), 20 Ill. App. 2d 279, 156 N.E.2d 4."

As we have indicated, the note in question was payable to plaintiff. The pertinent provisions of the purchase offer state that a sum (originally $5,500 and altered to $5,000) "is deposited as earnest money with Price Realty, Escrow Agent." At the bottom of the instrument receipt of $5,500 in the form of a note as earnest money is acknowledged. In the body of the instrument appears in pertinent part: "should the said purchaser fail to perform this contract, then the above earnest money shall be forfeited by the Purchaser as liquidated damages, and this contract shall be and become null and void; OF SAID ESCROW FUNDS THE BROKER SHALL BE ENTITLED TO THE AGREED COMMISSION OF THE ACCEPTED SALE PRICE WITH THE BALANCE GOING TO THE SELLER."

The recent case of *Peters & Fulk Realtors, Inc. v. Shah* (1986), 140 Ill. App. 3d 301, 488 N.E.2d 635, is remarkably similar to the instant one. In that case a realtor held a note as earnest money on the purchase price of certain real estate. The contract provided that the realtor held the note as escrowee and further provided concerning default as follows:

> " 'If a dispute arises between the Seller and the Purchase as to whether a default has occurred, Realtor shall hold the earnest money and pay it out, less commission, if any as agreed in writing by Seller and Purchaser and in the event that agree-

ment cannot be reached by Seller and Purchaser within thirty (30) days after written notice to the Realtor that such a dispute has arisen the parties agree that the Realtor may deposit the funds with the Clerk of the Circuit Court.' " 140 Ill. App. 3d 301, 303, 488 N.E.2d 635, 636.

The seller declared the purchase to be in default and further declared the contract to be null and void. The purchaser maintained that the contract was void and demanded the return of the earnest-money note. Apparently the note was not returned because the realtor brought suit on it against the purchaser. The trial court entered summary judgment for the purchaser, finding that the plaintiff-realtor-escrowee had no standing to sue. The appellate court affirmed, stating:

"As an escrowee, plaintiff was acting as a special agent or trustee for both parties to the escrow, and its powers were limited to the conditions of the escrow deposit. (*Estate of Reinhold v. Mansfield* (1980), 90 Ill. App. 3d 224, 226, 412 N.E.2d 1146.) Plaintiff's rights and duties, as set forth in the agreement, do not contain any provision giving it the right to seek enforcement of the note. As stated by the court in *Shelton v. Sulek* (1955), 5 Ill. App. 2d 186, 189, 125 N.E.2d 313, '[t]here was no requirement that plaintiff as escrowee reduce the note to cash so as to comply with the terms of the contract and he had no right to do so.' " (*Peters & Fulk Realtors, Inc. v. Shah* (1986), 140 Ill. App. 3d 301, 306, 488 N.E.2d 635, 638.)

While that decision of the First District Appellate Court is not binding upon us (*People v. Collings* (1981), 95 Ill. App. 3d 325, 420 N.E.2d 203), we find its rationale persuasive and elect to follow it in the instant case.

■ It follows that plaintiff had no standing to bring the instant suit. The trial court held, and after a careful examination of the record we agree, that defendant's offer was withdrawn prior to its purported acceptance by Franklin and therefore no contract ever came into being. Any possible right of plaintiff in the note would ripen only if defendant had defaulted, but this could occur only if a valid contract were established.

The order of the circuit court of Brown County finding in favor of defendant and ordering the note returned to him was correct and it is affirmed.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.