WOOD RIVER AREA DEVELOPMENT CORPORATION, and all persons and corporations similarly situated, Plaintiffs-Appellees, v. GERMANIA FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellant.

Fifth District   No. 5—86—0826

Opinion filed January 11, 1988.—Rehearing denied February 17, 1988.

Steven N. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, and Robert M. Lucy and Mark S. Deiermann, both of Bryan, Cave, McPheeters & McRoberts, of St. Louis, Missouri, for appellant.

John Dale Stobbs, of Stobbs & Sinclair, of Alton, for appellees.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

This action was originally commenced by plaintiff Wood River Area Development Corporation (Wood River) when it filed a multicount complaint against defendant, Germania Federal Savings and Loan Association, seeking damages for defendant's alleged breach of a commercial loan agreement. Wood River later added a count in its complaint bringing a class action against defendant on behalf of all borrowers who had entered into similar loan agreements with defendant. The plaintiffs in the class action count subsequently moved for partial summary judgment. The circuit court of Madison County entered partial summary judgment in favor of the class and found, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), that its order involved a question of law as to which there is substantial ground for difference of opinion and that an interlocutory appeal may materially advance the ultimate termination of the litigation. The trial court identified the following question for our consideration: "Whether a provision in a promissory note that purports to give the payee the right to change the interest rate at any time without reference to any fixed standard ascertainable from the instrument itself or any other fixed, objective standard beyond the payee's own discretion, is valid." We granted defendant leave to appeal the court's order pursuant to Rule 308, and we now reverse and remand.

In its initial complaint, Wood River alleged causes of action for fraud, breach of the covenant of good faith and fair dealing, and breach of contract. Wood River later amended its complaint to add counts alleging negligent misrepresentation, wilful and wanton conduct, and estoppel, but subsequently voluntarily dismissed its counts for negligent misrepresentation and wilful and wanton conduct. Later, Wood River added a count for a class action, alleging there were other commercial borrowers who had signed notes similar to that signed by Wood River.

This dispute arises from loans obtained from defendant by several commercial borrowers. In the case of Wood River, the loan was obtained in 1971. The loan commitment issued by defendant to Wood River included the following provisions:

| | |
|---|---|
| "AMOUNT: | $245,000.00 provided the amount disbursed does not exceed 75% of the appraised value. |
| TERM: | Twenty (20) Years |
| INTEREST RATE: | Nine Percent (9%) |
| PAYMENTS: | Interest only on amounts disbursed during construction. Thereafter $2,205.00 per month Principal and Interest until the full amount of the Principal is amortized. Borrowers have the privilege of prepayment in full or in part without penalty; however, interest will be charged for the entire month during which any mortgage loan balance is repaid." |

The record also includes the forms used for the notes executed by the parties at the time the loan agreements were executed. These forms include the following provisions:

"It is understood and agreed that said Association may decrease or increase rate of interest per annum aforesaid by giving undersigned ninety (90) days prior written notice of its intention to decrease or increase rate and of rate to which decrease or increase will be made; that the undersigned further agree that the association may modify and adjust the amount of monthly payment to allow for a minimum amount of payment to the association equal to any increase in the interest rate and continue amortization of the principal balance as originally scheduled."

The notes also state:

> "The undersigned shall have the right to repay this loan in whole or in part at any time, but the Association may require payment of not more than six (6) month's advance interest on that part of the aggregate amount of all prepayments on a loan in one year, which exceeds twenty percent (20%) of the original amount of the loan."

In July of 1982, plaintiffs received notice from defendant that the interest rate on these commercial loans would be increased to 12% as of November 1, 1982.

Plaintiffs in the class action count do not argue that the note provision allowing defendant to increase or decrease the interest rate was not part of their agreement with defendant. Instead, they contend this provision is void because it is uncertain and illusory. They seek to have this provision extracted from the note, leaving plaintiffs to pay the lower original interest rates for the entire life of the loans. The trial court agreed with plaintiffs' contention that the disputed provision is illusory and granted partial summary judgment in favor of plaintiffs on the class action count.

■ A motion for summary judgment should be granted only where the pleadings, exhibits, depositions, and affidavits of record show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) The party moving for summary judgment must affirmatively show a clear legal right thereto, free from doubt. (*Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 423, 466 N.E.2d 1271, 1274.) We do not believe summary judgment is appropriate on the record presented here.

■ In construing a contract, the primary objective is to determine and give effect to the intentions of the parties at the time they entered into the contract. If the contract terms are unambiguous, then the parties' intent must be determined solely from the language of the contract. (*Ancraft Products Co. v. Universal Oil Products Co.* (1981), 100 Ill. App. 3d 694, 697, 427 N.E.2d 585, 587.) However, "[w]hen an agreement contains material terms capable of being understood in more than one sense and pleadings and affidavits conflict as to their meaning or are insufficient as bases upon which to determine their meaning as a matter of law, the circuit court must resort to an evidentiary hearing, rather than summary judgment proceedings, so that the parties may present their respective positions at trial as to the true intent and agreement they have executed." *Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 424, 466 N.E.2d 1271, 1274.

See also *City of Chicago v. Dickey* (1986), 146 Ill. App. 3d 734, 497 N.E.2d 390.

■ In the present case, the intent of the parties is not clear simply from reading the provisions of the notes. The printed note forms in the record appear to have had masked the names of the borrowers as well as the amount of the monthly payments and, more importantly, the duration of these loans. The notes appear to bind defendant to a specified interest rate for at least 90 days due to the provision that defendant must notify the borrower 90 days in advance of any change in the interest rate. If these are simply in the nature of 90-day notes, the provision regarding alteration of the interest rate could possibly be construed as defendant's intent to simply offer the borrower a new loan at an interest rate to be determined at the time of the offer of the new loan after 90 days. The borrower would be free to reject the offer if it were dissatisfied with the interest rate in the new loan. While these are at least 90-day notes, it is unclear to what extent if any they have a duration longer than 90 days. The parties may have agreed to loans longer than 90 days, allowing defendant to unilaterally raise the interest rates if the increases were reasonable. In addition, the record includes a loan agreement between defendant and Wood River, the representative plaintiff in the class action, and this agreement indicates the loan is for 20 years at a fixed rate. This agreement and any loan agreements entered into by the other members of the class must be read in conjunction with the note provisions because, "in the absence of a contrary intention, where two or more instruments are executed by the same contracting parties in the course of the same transaction, the instruments will be considered together and construed with reference to one another because they are, in the eyes of the law, one contract." (*Tepfer v. Deerfield Savings & Loan Association* (1983), 118 Ill. App. 3d 77, 80, 454 N.E.2d 676, 679.) Thus, the disputed note provision cannot be read in isolation. Finally, the parties assert that some of the members of the class of borrowers have fully repaid their loans, and in doing so have paid the increased interest rate set by defendant. There is nothing in the record to indicate this is true, but if some borrowers have in fact repaid their loans in full at an increased interest rate, this may have ramifications for the issues presented here and evidence will need to be presented on this matter.

For these reasons, we do not believe the present case is ripe for summary judgment. Therefore, the order of the circuit court of Madison County is reversed and the cause remanded for further proceedings consistent with this opinion. In addition, we have considered

plaintiffs' motion to strike the reply brief of defendant, and because our decision is based upon only the facts and arguments properly before us, we deny plaintiffs' motion.

Reversed and remanded; motion to strike brief denied.

KARNS and LEWIS, JJ., concur.