*In re* ESTATE OF AILEEN CROAKE, Deceased (American Archives Association, Plaintiff-Appellee, v. William J. Casey III, Defendant-Appellant).

First District (6th Division)   No. 1—90—2868

Opinion filed July 26, 1991.

Edward V. Hanrahan, of Oak Park, for appellant.

Marc S. Mayer and Alan Jacobs, both of Chicago, for appellee.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying the motion of defendant William J. Casey III for summary judgment and granting the motion of plaintiff American Archives Association for summary judgment. Defendant contests the correctness of that decision.

On February 16, 1990, plaintiff filed its petition requesting the circuit court to spread of record a purported assignment from defendant, assignor and heir of the decedent, Aileen Croake. On June 8, 1989, defendant had signed an agreement and assignment after plaintiff had advised him of a possible inheritance. Defendant agreed to "grant, bargain, sell, convey, transfer, set over and assign unto the said American Archives Association an undivided one-third (1/3) _____ of all my rights, title and interest in and to said fund of money, property, real or personal, joint bank account, insurance or other assets left by said deceased, and in any claims arising directly or indirectly out of the death of said deceased, or other assets awarded to me therefrom." The name of the deceased was not disclosed in the document when defendant signed it. On June 16, 1989, plaintiff informed defendant that it had received the "Agreement and Assignment" and that the deceased's estate was that of Aileen Croake. Plaintiff advised defendant of a lawyer that it had retained in Illinois who could also represent the defendant's interests in this matter. Defendant was provided with and executed an authorization form on June 19, 1989, which authorized Charles Kogut to provide legal representation for him in the estate of Aileen Croake because defendant believed that he might be entitled to a share of the estate. However, defendant did not execute and return a second document authorizing "American Archives Association to insert in the aforementioned Agreement and Assignment, the full name of the decedent, at such time as full cooperation is secured."

■■ ■ The sole issue on appeal is whether the circuit court erred in giving plaintiff leave to spread of record in the estate of Aileen Croake its agreement and assignment. Defendant argues that the agreement and assignment is unenforceable because he executed it in blank with decedent's name missing and therefore the parties never reached an agreement. We do not agree. The general rule is that in the absence of evidence of a contrary intention, where two or more instruments are executed by the same contracting parties in the course of the same transaction, the instruments will be considered together and construed with reference to one another because they are, in the eyes of the law, one contract. (See *Tepfer v. Deerfield Savings & Loan Association* (1983), 118 Ill. App. 3d 77, 80, 454 N.E.2d 676.) Since the letter that plaintiff received from defendant on June 16, 1989, informing him of the decedent's identity and the accompanying authorization form which plaintiff signed occurred in the course of the same transaction, these instruments were properly construed as pertaining to one contract. We find that these documents, together with the original agreement and assignment signed by defendant, when construed together, clearly authorized plaintiff and plaintiff's attorney to represent defendant's interests in seeking a portion of the estate of Aileen Croake in return for one-third of any assets recovered.

■ Defendant also argues that since he never signed or returned to plaintiff the document specifically authorizing plaintiff to insert the name of decedent in the agreement and assignment upon which plaintiff relied in this lawsuit, the latter document is fraudulent and, therefore, is not an enforceable contract. Our determination that defendant had agreed to representation by plaintiff in the estate of Aileen Croake disposes of this contention of fraud.

Summary judgment is proper where the parties agree on the relevant facts and the record presents purely questions of law. (See *J.M. Beals Enterprises, Inc. v. Industrial Hard Chrome, Ltd.* (1990), 194 Ill. App. 3d 744, 748, 551 N.E.2d 340; *International Insurance Co. v. Melrose Park National Bank* (1986), 145 Ill. App. 3d 286, 288, 495 N.E.2d 1197.) The record indicates that defendant willingly executed an assignment agreement in blank without initiating his own search. After the name of the decedent was disclosed to him, defendant subsequently signed a letter authorizing plaintiff's attorney to represent him. A court will not set aside a contract merely because the agreement is not a wise one from the standpoint of the party seeking rescission. (*Guess v. Brophy* (1987), 164 Ill. App. 3d 75, 83, 517 N.E.2d 693; *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 1022, 473 N.E.2d 421.) Nor will a court set aside a con-

tract merely because it is unfair. See *In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 587, 469 N.E.2d 381.

■ To the extent that defendant also suggests this agreement was unconscionable, we note that a contract will be treated as unconscionable when it is so one-sided that only one under delusion would make it and only one unfair and dishonest would accept it. (*In re Marriage of Lee* (1985), 135 Ill. App. 3d 509, 514, 481 N.E.2d 1045.) An unconscionable contract is one where a party has no meaningful choice and the terms are unreasonably favorable to the other party. (*In re Marriage of Riedy* (1985), 130 Ill. App. 3d 311, 317, 474 N.E.2d 28.) Although defendant may assert that he had no meaningful choice and the terms are unreasonably favorable to plaintiff, we cannot conclude that defendant was under any delusion when he executed the agreement and assignment. Defendant could have inquired of relatives as to the death of any relative. Defendant was aware of the identity of the decedent when he signed the authorization form for legal representation. Plaintiff has, no doubt, also undergone some detriment in locating defendant. The contract was not so unfavorable to defendant as to justify the court in setting it aside. We also note that a contract containing a similar assignment in *Guess* did not list the name of the decedent and yet it was found not to be fraudulent. *Guess*, 164 Ill. App. 3d 75.

Because of our disposition of this appeal, we also reject defendant's request that we order the circuit court to impose sanctions on plaintiff for plaintiff's alleged fraud.

The circuit court properly granted plaintiff's cross-motion for summary judgment and denied defendant's motion for summary judgment. Accordingly the judgment is affirmed.

Affirmed.

McNAMARA and LaPORTA, JJ., concur.